Filed 8/20/15

CERTIFIED FOR PUBLICATION

# IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF VENTURA

## APPELLATE DIVISION

| | | |
|---|---|---|
| SIERRA MANAGED ASSET PLAN, LLC., | ) | |
| | ) | |
| Plaintiff and Respondent, | ) | |
| | ) | (Ventura County Superior Court Case |
| v. | ) | Number 56-2013-00443856-CL-CL-VTA) |
| | ) | |
| DAVID C. HALE, | ) | |
| | ) | |
| Defendant and Appellant. | ) | |
| | ) | |

APPEAL from a judgment from the trial court in the Superior Court of Ventura County, Matthew P. Guasco, Presiding Appellate Judge, and Mark S. Borrell and Rocky J Baio, Judges. Judgment REVERSED.

Trial Judge:
Honorable Vincent J. O'Neill

Counsel:
James B. de los Reyes, Esq. for Plaintiff and Respondent
Ian D. Chowdhury, Esq. for Defendant and Appellant

By GUASCO, Matthew P., Presiding Appellate Judge:

Defendant and appellant, David C. Hale ("appellant"), appeals from a judgment entered against him and in favor of plaintiff and respondent, Sierra Managed Asset Plan, LLC ("respondent") in the total sum of $10,138.41 in this limited civil collection case. Appellant

argues that the trial court prejudicially erred by receiving a declaration in lieu of live testimony which was filed without complying with Code of Civil Procedure, section 98. Additionally, appellant argues that the trial court abused its discretion by accepting the testimony of the declarant concerning the underlying documents supporting the credit account at issue in this case.

For the reasons stated in this Opinion, we reject appellant's argument that respondent's failure to comply with the requirements of Code of Civil Procedure, section 98 should have precluded admission of the declaration at issue. The declarant was present at trial and was cross-examined by appellant. We agree with appellant, however, that the declarant lacked the required personal knowledge of the foundation necessary for receipt of the exhibits attached to the declaration pursuant to the business records exception to the hearsay rule. (Evid. Code, § 1271.) It was error for the trial court to receive the exhibits. The error was not harmless; the exhibits were essential to proving the existence of the contract and book account upon which the judgment is premised. Accordingly, we reverse the judgment and remand the matter to the trial court for further proceedings consistent with this Opinion.

## FACTS

Appellant opened a credit card account with Citibank, N.A. He accumulated an unpaid balance of $10,138.41. Through a series of assignments, respondent acquired Citibank's rights as creditor. Respondent seeks to enforce those rights in this action. Appellant does not deny the account, but he testified that he does not recall any of the details of the purchases on or the accrued balance of the account.

## PROCEEDINGS IN THE TRIAL COURT

On October 22, 2013, respondent filed the instant action for breach of contract and common counts. On December 18, 2013, appellant answered the complaint and alleged both a general denial as well as 24 affirmative defenses.

2

On August 21, 2014, respondent filed a declaration of authorized agent in lieu of live testimony pursuant to Code of Civil Procedure, section 98, in relation to the trial which was scheduled for September 29, 2014.[1] It is undisputed that the section 98 declaration was materially inaccurate in one respect: it represented that the declarant, Marc Roberts, was available for service of process at an address in Santa Monica which is within 150 miles of the trial court. In fact, that address was a business center/mailbox location at which the declarant was not available for service of process prior to trial.

Mr. Roberts's section 98 declaration attached exhibits which substantiated the assignments leading to respondent's acquisition of rights as creditor on the account in question, the account agreement, and the account statements reflecting all of the charges culminating in the unpaid balance due. The account statements reflect purchases by a "David C. Hale," with a listed address the same as that acknowledged by appellant at trial.

On September 29, 2014, a court trial occurred in this matter. Although respondent filed a materially false section 98 declaration as discussed above, Mr. Roberts, the section 98 declarant, was personally present when the trial began. Over appellant's multiple objections, including those pertaining to issues of lack of personal knowledge and hearsay, the trial court received the section 98 declaration and attached exhibits and permitted appellant to cross-examine Mr. Roberts. Appellant, who represented himself, did so. The clerk of the court did not swear Mr. Roberts as a witness. Appellant did not make any objection in the trial court concerning the unsworn testimony given by Mr. Roberts. Appellant testified. He acknowledged the account, but denied any knowledge of the purchases or balance due on the account.

The trial court entered judgment in favor of respondent and against appellant in the total sum of $10,138.41.

On October 24, 2014, appellant filed a timely notice of appeal of the money judgment.

## APPEALABILITY

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise specified.

This appeal is properly taken from a final judgment fully adjudicating the rights of the parties. (§ 904.2, subd. (a).)

## DISCUSSION

## I.

## STANDARD OF REVIEW

Whether and to what extent the trial court erred by receiving Mr. Roberts's declaration and attached exhibits as against appellant's objection that respondent failed to comply with section 98 presents a question of law which we review *de novo*. (*Cach LLC v. Rodgers* (2014) 229 Cal.App.4[th] Supp. 1, 5; *Target Nat. Bank v. Rocha* (2013) 216 Cal.App.4[th] Supp. 1, 4.)

The question of whether the trial court erred by admitting Roberts's testimony, including the declaration and the attached exhibits, over appellant's foundation and hearsay objections is one we review pursuant to the deferential abuse of discretion standard. (*City of Ripon v. Sweetin* (2002) 100 Cal.App.4[th] 887, 900.) A trial court error in the admission of evidence shall not result in reversal of a judgment unless the appellant demonstrates that the error was prejudicial and resulted in a miscarriage of justice. (Cal. Const., Art. VI, § 13; § 475; Evid. Code, § 353.) "In civil cases, a miscarriage of justice should be declared only when the reviewing court, after an examination of the entire cause, including the evidence, is of the opinion that it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error." (*Huffman v. Interstate Brands Companies* (2004) 121 Cal.App.4[th] 679, 692.)

## II.

4

## THE TRIAL COURT DID NOT ERR BY RECEIVING
## THE NON-CONFORMING SECTION 98 DECLARATION

In limited civil cases, in which the amount in controversy is less than $25,000,[2] the law provides efficiencies to minimize the costs to the parties of litigation. One such measure is section 98 concerning prepared testimony by affidavit or declaration.

Section 98 provides as follows:

" A party may, in lieu of presenting direct testimony, offer the prepared testimony of relevant witnesses in the form of affidavits or declarations under penalty of perjury. The prepared testimony may include, but need not be limited to, the opinions of expert witnesses, and testimony which authenticates documentary evidence. To the extent the contents of the prepared testimony would have been admissible were the witness to testify orally thereto, the prepared testimony shall be received as evidence in the case, provided that either of the following applies:

"(a) A copy has been served on the party against whom it is offered at least 30 days prior to the trial, together with a current address of the affiant that is within 150 miles of the place of trial, and the affiant is available for service of process at that place for a reasonable period of time, during the 20 days immediately prior to trial.

"(b) The statement is in the form of all or part of a deposition in the case, and the party against whom it is offered had an opportunity to participate in the deposition.

"The court shall determine whether the affidavit or declaration shall be read in to the record in lieu of oral testimony or admitted as a documentary exhibit."

"Section 98 is a noted departure from the hearsay rule as declarations are generally not admissible at trial." (*Target Nat. Bank v. Rocha*, *supra*, 216 Cal.App.4th Supp. at p. 7.) So long as the opposing party has the opportunity to serve the declarant with a deposition or trial subpoena as provided in section 98, subdivision (a), a declaration may be received as evidence at trial as against a hearsay objection because the declarant is subject to cross-examination concerning the contents of the declaration. (*Ibid.*)(Accord, *Cach LLC v. Rodgers*, *supra*, 229 Cal.App.4th Supp. at p. 6.)

Here, it is undisputed that respondent did not comply with the provisions of section 98, subdivision (a): Mr. Roberts was not available for service with a deposition or trial subpoena at

---

2 Section 86, subdivision (a)(1).

5

the address identified in his declaration.  That non-compliance with subdivision (a), however, was rendered moot by Mr. Roberts's attendance at the trial at which he was subjected to cross-examination concerning the contents of his declaration.  Appellant made no showing whatsoever before the trial court that he attempted to take Mr. Roberts's deposition as opposed to attempting to subpoena him to attend the trial.  The purpose of section 98, subdivision (b), was fulfilled in substance if not in form:  Mr. Roberts was present for trial and he was cross-examined by appellant.[3]

Accordingly, we hold that the trial court did not err by receiving Mr. Roberts's declaration pursuant to section 98.

## III.

### ANY CHALLENGE TO MR. ROBERTS'S TESTIMONY ON THE GROUND THAT THE CLERK DID NOT ADMINISTER THE OATH HAS BEEN WAIVED

After receiving the declaration, the trial court permitted Mr. Roberts to be cross-examined by appellant.  The trial court allowed Mr. Roberts to testify without having the Clerk administer the witness's oath as required by Evidence Code, section 710.  Appellant, however, did not raise any objection in the trial court to that omission.  Accordingly, the issue has been waived on appeal. (*In re Heather H.* (1988) 200 Cal.App.3d 91, 96.)

## IV.

### THE TRIAL COURT ABUSED ITS DISCRETION BY ADMITTING RESPONDENT'S EXHIBITS WITHOUT THE FOUNDATION REQUIRED BY THE BUSINESS RECORDS EXCEPTION TO THE HEARSAY RULE

Appellant objected to receipt of the credit account exhibits attached to Mr. Roberts's declaration on a variety of grounds, including hearsay and the lack of any foundation which would support their admission under the business records exception. (Evid. Code, § 1271.)  For

---

[3] "The law respects form less than substance." (Civ. Code, § 3528.)

the following reasons, we hold that neither Mr. Roberts's declaration nor his testimony provides substantial evidence of the foundation necessary for admission of the records pursuant to the business records exception to the hearsay rule.

Evidence Code, section 1271 provides as follows:

"Evidence of a writing made as a record of an act, condition, or event is not made inadmissible by the hearsay rule when offered to prove the act, condition, or even if:

"(a) The writing was made in the regular course of a business;

"(b) The writing was made at or near the time of the act, condition, or event;

"(c) The custodian or other qualified witness testifies to its identity and the mode of its preparation; and

"(d) The sources of information and method and time of preparation were such as to indicate its trustworthiness."

In order for business records to meet the above elements for admission as an exception to the hearsay rule, either the person who created the documents, or an authorized custodian of the documents, or some "other qualified witness" must testify "as to the identity and mode of preparation of the documents." The trial court has wide discretion in determining whether a "qualified witness" possesses sufficient personal knowledge of the "identity and mode of preparation" of documents for purposes of the business records exception. (*Aquimatang v. California State Lottery* (1991) 234 Cal.App.3d 769, 797.) That foundation may be met, however, by ". . . any 'qualified witness' who is knowledgeable about the documents . . . – the witness need not be the custodian or the person who created the record." (*Jazayeri v. Mao* (2009) 174 Cal.App.4th 301, 324.)

Here, Mr. Roberts's declaration attaches credit account documents created and maintained by respondent's predecessor in interest, Citibank. The documents were not created by respondent, nor was Mr. Roberts the authorized custodian of Citibank documents. Mr. Roberts's declaration and testimony on cross-examination provide the following as the purported foundation for admission of the documents as business records:

(1) He is an authorized agent of respondent who is "thoroughly familiar with the manner and method by which [*respondent*] maintains its business books and records for its outstanding credit card accounts."

(2) He is the duly authorized custodian of *respondent's* business books and records.

(3)     The documents, created by Citibank prior to assignment of the account to respondent, are electronically stored on digital computer media by respondent.

(4)     The documents reflect the creation, charges, billing and balances due on the account while Citibank was the creditor.

(5)     He has personal knowledge that Citibank's business practice is that the original credit application and acceptance forms, which are sent to and signed by the cardholders, contain the terms and conditions of the account agreement.

(6)     "It is the regular business practice" of Citibank to mail monthly account statements to its cardholders.

(7)     He has never worked for Citibank.

(8)     He does not have personal knowledge about the account or charges in question, other than what he knows as a result of acquiring the documents from Citibank.

While the trial court has broad discretion in determining whether a witness is "qualified" to testify concerning "the identity and mode of preparation" of business records, Mr. Roberts's declaration and testimony at trial simply do not meet the necessary foundation.  At best, all Mr. Roberts's declaration and testimony establish is that respondent, as assignee from the creditor, received records originating from Citibank concerning the account in question.  This falls short of the foundation necessary for admission of business records as against a hearsay objection. Mr. Roberts's declaration and testimony are insufficient to permit any court to determine that "[t]he sources of information and method and time of preparation were such as to indicate its trustworthiness." (Evid. Code, § 1271, subd. (d).)

Further, it was error for the trial court to receive the declaration of Citibank's custodian of records, Lee Krege, which attended the exhibits.  Upon appellant's hearsay and foundational objections, it was incumbent upon respondent to produce a qualified witness to lay the business records foundation required by Evidence Code, section 1271, based upon personal knowledge of the identity and mode of preparation of the documents.  This could have been done by the identified Citibank custodian or another qualified person, including non-Citibank witnesses with the requisite personal knowledge of Citibank's business record creation and maintenance practices.  The declaration was inadmissible hearsay.  It should have been excluded.

8

The error in admitting respondent's account exhibits and the Krege declaration was prejudicial. If the trial court had sustained appellant's objections, all of the documentary evidence supporting the judgment would have been excluded. On this record, that would have compelled a judgment in favor of appellant. Accordingly, the error requires reversal. [4]

## **JUDGMENT**

For the reasons stated in the above Opinion, we hereby REVERSE the judgment and remand the matter to the trial court for further proceedings consistent with this Opinion. Appellant is awarded statutory costs of appeal.

Dated: August 20, 2015

GUASCO_____, P. A. J.

WE CONCUR:

BORRELL_____, J.
BAIO_____, J.

---

[4] We summarily reject without prejudice appellant's inappropriate request that this Court issue its order disqualifying Judge O'Neill on remand. The request is not based upon anything other than improper speculation and is not related to the issues before the Court in this appeal.